HORACE WILLIAMS, APPELLEE, V. ELMIRA TAYLOR, APPELLANT.

FILED FEBRUARY 6, 1902.  No. 11,146.

1. Judicial Sale: APPRAISEMENT: CHALLENGE FOR FRAUD. An appraisement duly made of real estate for the purposes of a judicial sale, can not be successfully attacked solely on the ground that the property has been appraised too low. To make the low valuation a successful ground of attack on the appraisement, it must be challenged for fraud. *Brown v. Fitzpatrick*, 56 Nebr., 61.

2. ———: EQUITABLE POWERS: NEW SALE: TWO-THIRDS OF APPRAISED VALUE. A district court, in the exercise of its equitable powers, has authority to set aside a sale of real estate made in foreclosure proceedings, and direct a new one, if the property has been sold for a sum manifestly inadequate, notwithstanding it was sold for more than two-thirds of its appraised value.

3. Appraisement: MISTAKE AS TO VALUE. An order of confirmation will not be set aside solely on the ground that the appraisers of the real estate sold were mistaken as to its value.

APPEAL from the district court for Lancaster county. Heard below before FROST, J.  *Affirmed.*

*George A. Adams,* for appellant.

*Stephen L. Geisthardt, contra.*

HOLCOMB, J.

Objection to confirmation is made on the ground "that the appraisement is so obviously below the actual value of said property that it is fraudulent within itself, and so appears at first blush." The property was appraised at the sum of $3,250, and it is contended by those objecting that it is worth $3,800 to $4,000. We do not think this disparity so great as in itself to raise a presumption of fraud. No claim of fraud is made, save only that which may properly be inferred from the difference in value of the property as fixed by the appraisers and the evidence in support of the objection to the confirmation. In *Brown v. Fitzpatrick*, 56 Nebr., 61, it is held: "An appraisement duly made of real estate for the purposes of a judicial sale can not be successfully attacked solely on the ground that the property has been appraised too low. To make the low valuation a successful ground of attack on the appraisement it must be challenged for fraud." The trial court has approved the sale as being for a fair and equitable price, and it having, in the exercise of its equitable powers, the authority to set aside the sale and direct a new one if the property had been sold for a sum manifestly inadequate and disproportionate to its true value, notwithstanding it was sold for more than two-thirds of the appraised value, and not having done so, we are not in a position to say its action was erroneous. On the authority of *Cole v. Willard*, 62 Nebr., 839, and the authorities therein cited, we should, and therefore do, affirm the order of confirmation appealed from.

AFFIRMED.